IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CITY OF LINCOLN, NEBRASKA, A municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | 4:10CV03030 |
| V. | ) ) | |
| WINDSTREAM NEBRASKA, Inc., | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter comes before the court on the plaintiff's Motion for Leave to Amend Complaint (filing no. 21). The plaintiff seeks to amend its Complaint to add a number of defendants to this action. The group of proposed additional defendants consists of both nondiverse and diverse parties. For the reasons set forth below the Motion is denied with respect to the addition of nondiverse parties and granted with respect to the addition of diverse parties.

**BACKGROUND**

The plaintiff originally filed a complaint in the District Court of Lancaster County, Nebraska alleging that the defendant, Windstream Nebraska, Inc. ("WNI"), and its predecessor Alltel Nebraska, Inc., failed to pay telecommunication occupation taxes owed to the City of Lincoln, pursuant to Lincoln Municipal Code § 3.24.080. Shortly after the complaint was filed, the defendant removed the case to this court (filing no. 1). The defendant asserted removal was proper because this court has subject matter jurisdiction under 28 U.S.C. § 1332. That is, the amount in controversy exceeds $75,000 and the parties are citizens of different states. Specifically, WNI is a Delaware Corporation and its principal place of business is Arkansas and the plaintiff is a citizen of Nebraska for the purposes of

determining subject matter jurisdiction. The plaintiff does not contest subject matter jurisdiction. See filing no. 15.

The defendant filed its Corporate Disclosure Statement, pursuant to Fed. R. Civ. P. 7.1, and identified WNI as a wholly-owned corporate subsidiary of Windstream of the Midwest, Inc. which was in turn identified as a wholly-owned subsidiary of Windstream Corporation (filing no. 8). The Corporate Disclosure Statement was later amended to reflect that WNI was a wholly-owned subsidiary of Windstream Holding of the Midwest, Inc., rather than Windstream of the Midwest, Inc., as indicated on the initial Corporate Disclosure Statement.

In response to the Corporate Disclosure Statement, the plaintiff filed a motion to amend its complaint[1] and sought to add a number of parties as defendants (filing no. 21). The proposed additional defendants include:

>  Windstream Communications, Inc. ("Communications") – a Delaware Corporation with its principal place of business in Arkansas;
>
>  Windstream of the Midwest, Inc. ("Midwest") – a Nebraska Corporation with its principal place of business in Arkansas;
>
>  Windstream Holding of the Midwest, Inc. ("Holding") – a Nebraska Corporation with its principal place of business in Arkansas;
>
>  Windstream Systems of the Midwest, Inc. ("Systems") – a Nebraska Corporation with its principal place of business in Arkansas;

---

[1] The amendment was filed pursuant to the Final Progression Order (filing no. 16). Although the original deadline for filing amended pleadings was May 16, 2010 and the proposed amendment was filed May 20, 2010, the proposed amendment was filed in response to the defendants Amended Disclosure of Corporate Affiliation, filed on May 19, 2010 (filing no. 20). The defendant is not objecting on grounds of timeliness.

2

Windstream Corporation ("WIN Corp.") – a Delaware Corporation with its principal place of business in Arkansas.

The defendant has objected to the Motion to Amend on the grounds that the proposed additional defendants are not necessary or indispensable to the proceedings and asserting that the joinder of the parties would destroy complete diversity, requiring remand to state court and unnecessarily depriving the defendant of its choice of forum.

## ANALYSIS

The plaintiff has moved to amend its complaint and add both nondiverse and diverse parties to this action. Because the analysis for the joinder of a nondiverse party differs from that of a diverse party, the issues are addressed separately below.

**Nondiverse Parties**

The plaintiffs seek to add three nondiverse parties to this action – Midwest, Systems and Holding. Each of these companies is deemed a citizen of Nebraska under 28 U.S.C. § 1332 (c). Because complete diversity of citizenship must exist for this court to exercise jurisdiction, if these parties are joined to the action, the court will be required to remand the case to the District Court of Lancaster County. 28 U.S.C. § 1447(e); Bailey v. Bayer Cropscience L.P., 563 F.3d 302, 307 (8th Cir. 2009).

The district court has discretion in determining whether to allow the amendment of pleadings. Fed. R. Civ. P. 15(a)(2). Under Fed. R. Civ. P. 15(a)(2) courts generally grant motions to amend liberally; however, the right to amend is not without limits. See McAninch v. Wintermute, 491 F.3d 759, 766 (8th Cir. 2007). Rule 15 of the Federal Rules of Civil Procedure must be considered with 28 U.S.C. § 1447(e), which gives the court a great deal

3

of discretion in determining whether to allow a party to amend a complaint by adding a party that will destroy diversity. See Baily, 563 F.3d at 308; see also Hensgens v. Deere & Co., 833 F.2d 1179,1182 (5th Cir. 1987)(finding additional scrutiny is appropriate where the addition of nondiverse parties will require remand). Courts have generally held that 28 U.S.C. § 1447(e) gives the court the authority to deny joinder notwithstanding any right the plaintiff may have to amend under Rule 15. See Brcka v. St. Paul Travelers Co., Inc., 366 F. Supp. 2d 850, 853 (S.D. Iowa 2005)(citing Mayes v. Rapaport, 198 F.3d 457, 462 n. 11 (4th Cir. 1999)).

Faced with the issue now before this court, the Bailey court first addressed whether the joinder of additional parties was mandated under Fed. R. Civ. P. 19. "Joinder would be required if the plaintiff satisfie[s] Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." Bailey, 563 F.3d at 308. . In determining whether the additional parties are necessary, the court evaluated (1) whether the complete relief between the parties can be granted in the absence of the proposed additional parties and (2) whether the proposed additional parties "claimed an interest relating to the subject of the action." Bailey, 563 F.3d at 308; see also Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001) (applying the same factors).

In this case, the plaintiff has not shown that the proposed additional parties are necessary to the action. The plaintiff has not asserted, or provided any evidence, that the court cannot afford complete relief between the plaintiff and WNI in the absence of Midwest, Systems and Holding. The plaintiff speculates that Midwest, Systems and Holding "may be obligated for occupation tax" (filing no. 31, p. 4). However, the question of whether these entities owe occupation tax is a separate matter from whether WNI owes occupation tax, and does not need to be answered in order to resolve the matter between the plaintiff and WNI. Although WNI is a wholly owned subsidiary of Holding, there is no indication that WNI will

be unable to pay any occupation tax it allegedly owes, or that WNI is a sham or shell corporation which would enable the plaintiff to pierce the corporate veil and require Holding to pay for any obligations owed by WNI. In addition, Midwest, Systems and Holding have not claimed any interest in this proceeding. Thus, Midwest, Systems and Holding are not necessary parties to this action.

Even if Midwest, Systems and Holding were necessary parties, joinder would not be compelled because they are not indispensable parties under Fed. R. Civ. P. 19. When evaluating whether an party is "indispensable" the court may consider several factors, including:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate;

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Bailey, 563 F.3d at 308 (quoting Fed. R. Civ. P. 19(b)).

In this case, the application of these factors does not favor a finding that Midwest, Systems and Holding are indispensable parties. As discussed above, the plaintiff has not made a showing that it will be prejudiced by the absence of any of the proposed parties or that any judgment issued without joinder of the proposed parties would in any way be inadequate. Thus, Midwest, Systems and Holding are also dispensable.

The analysis does not end with a finding that joinder is not required in this case. A complaint may still be amended, and nondiverse, nonessential parties may still be joined, to the extent justice requires. Bailey, 563 F.3d at 309 (citing Hensgens v. Deere & Co., 833 F.2d 1179,1182 (5th Cir. 1987)). The Bailey court identified a three-factor balancing test to apply in determining whether a nondiverse, unnecessary, and dispensable party may nonetheless be joined. "'[T]he Court is required to consider (1) the extent to which joinder of the nondiverse party is sought to defeat federal jurisdiction,( 2) whether [the] plaintiff has been dilatory in asking for amendment, and (3) whether [the] plaintiff will be significantly injured if amendment is not allowed.'" Bailey, 563 F.3d at 309 (quoting Le Duc v. Bujake, 777 F.Supp. 10, 11-12 (E.D.Mo. 1991)). These factors must be weighed against the defendant's strong interest in maintaining the federal forum. Hensgens, 833 F.2d at 309.

In this case, the balancing test favors the denial of the Motion to Amend and add Midwest, Systems and Holding as defendants. Weighing in favor of allowing the joinder of the nondiverse parties is the fact that no direct evidence exists that the plaintiff is attempting to add the parties in an attempt to defeat diversity and the Motion to Amend was filed in a timely manner. However, these factors alone do not justify joinder of the nondiverse parties.

The plaintiff has not adequately explained how it might be "significantly injured" if its request to join the nondiverse parties is denied. The plaintiff has not shown that Midwest, Systems or Holding are, or could be, responsible for the obligations of Alltel, WNI, or any of the other Windstream related entities.[2] The plaintiff argues that it has "information and belief" that each of the Windstream entities "contributed in providing telecommunications services in the City of Lincoln or may have assumed obligations of Alltel Nebraska, Inc. for

---

[2] The plaintiff argues that WIN Corp assumed certain "debt securities" of Alltel's (filing no. 32-7). However, the plaintiff provides no explanation as to how "debt securities" could involve an obligation to pay occupation tax.

6

any unpaid occupation tax," (filing 31, p. 3). The plaintiff claims that if, through further discovery, it appears Midwest, Systems and/or Holding are not responsible for the taxes at issue, either the plaintiff will voluntarily dismiss these defendants, or these defendants can move for summary judgement. The plaintiff's arguments are based on speculation, and under such circumstances, the court will not allow joinder at the risk of unnecessarily depriving the named defendant's right to litigate this case in federal court.

### Diverse Parties

The plaintiff seeks to add two parties – WIN Corp. and Communications – that are in complete diversity with the plaintiff. Unlike the nondiverse parties, the addition of these two corporations as defendants will not work to defeat complete diversity and will not require a remand of the case. Thus, the proposed amendment, as it relates to the addition of WIN Corp. and Communications is not subject to the same level of scrutiny as the proposed addition of the nondiverse parties, but is subject to the more liberal standard of Rule 15 of the Federal Rules of Civil Procedure.

In such circumstances, leave to amend should be denied "where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment." Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1065 (8th Cir. 2005); see also Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000)(noting leave to amend should normally be granted "absent good reason for denial"). None of those reasons are present in this case. Therefore, the plaintiff's motion to amend is granted to the extent it seeks to add WIN Corp. and Communications.

Accordingly,

IT IS ORDERED:

1) The plaintiff's amended motion to amend, (filing no. 21) , is granted in part and denied in part as follows:

   a. The motion is denied as to the addition of proposed defendants Windstream Midwest, Inc, Windstream Holding of Midwest, Inc., and Windstream Systems of the Midwest, Inc.

   b. The plaintiff is granted leave to add proposed defendants Windstream Corporation and Windstream Communications, Inc.

2) The plaintiff's motion to amend, (filing no. 19), is denied as moot.

3) The plaintiff shall have seven (7) days from today to file an amended complaint in compliance with this order.

DATED this 15th day of July, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.