IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CITY OF LINCOLN, NEBRASKA, a municipal corporation, <br><br> Plaintiff, <br><br> vs. <br><br> WINDSTREAM NEBRASKA, INC., a Delaware corporation, <br><br> Defendant. | Case No. 4:10-CV-3030 |

## PROTECTIVE ORDER

Upon motion for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that all Confidential Information (as that term is defined below) produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of litigation in the above-captioned matter and for no other purpose whatsoever. No Confidential Information shall be disclosed to any person except in accordance with the terms of this Protective Order.

All Confidential Information and any copy made thereof shall remain the property of the producing party and will not belong to the party to whom the Confidential Information is provided.

**Definitions.**

1. "Confidential Information," as used herein, means:

    a. Information deemed to be Customer Proprietary Network Information ("CPNI") under the Communications Act of 1934, as amended, and/or FCC regulations; and

    b. Any information of any type, kind or character which is designated as "Confidential" by any of the supplying parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or other material, including information stored or recorded in electronic form

(including DVDs, CDs, computers, networks or tapes).  In designating information as "Confidential", a party will make such designation only as to the information that it in good faith believes contains confidential information.  Information or material that is available to the public shall not be deemed confidential.

The term "Confidential Information" does not include:

> i.  Information that at the time of the disclosure is in the public domain; or
>
> ii.  Information that, after disclosure, becomes part of the public domain by publication or otherwise, except through a breach or violation of the terms of this Agreement; or
>
> iii. Information that is disclosed or received by the Receiving Party from a third party having legal right to transmit the same, free of any obligation of confidentiality; or
>
> iv. Information which the Receiving Party can establish was in his possession prior to disclosure by a Disclosing Party as evidenced by the Receiving Party's written records or was subsequently and independently developed by the Receiving Party as evidenced by the Receiving Party's written records without the use, directly or indirectly, of information required to be held confidential hereunder; or
>
> v.  Information which is approved for release by the prior written authorization of the Disclosing Party.

2. "Qualified Persons," as used herein means:

   a. The attorneys and staff of any law firm acting as outside counsel for a party to this case, in-house counsel for the parties who are providing actual assistance in the conduct of this case , and those persons specifically engaged for the limited purpose of making photocopies of documents or assisting in document management and coding.

   b. Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this case.

   c. Current and former personnel of any party who provide actual assistance in the conduct of this case in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance.

   d. Executives or directors of any party who will assist with or make decisions regarding potential settlement of this case, including the Mayor and Finance Director for the City of Lincoln.

2

  e. Persons or entities noticed for depositions or designated as trial witnesses, and their counsel (Confidential Information may be used in advance of the deposition or trial testimony only to the extent reasonably and in good faith deemed necessary by counsel for any of the parties to adequately prepare such deponents and witnesses to testify in this case).

  f. The Court and Court personnel, jurors, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing in this case.

  g. The list of persons to whom Confidential Information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulation and Protective Order.

**Designation of Documents or Other Materials as Confidential**

3. Documents produced in this action may be designated by either party as "Confidential" by marking the document(s) so designated with a stamp stating "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

4. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

  Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

5. "Confidential" information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons.

6. Documents previously produced shall be retroactively designated by notice in writing within thirty (30) days of the entry of this order. Documents unintentionally produced in the future without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the Receiving Party. If such notice is given, all material so designated shall be fully subject to this Protective Order as if it had been initially designated as Confidential Information.

7. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.

8. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

9. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10. In the event that any Confidential Information is used in this action or any appeal therefrom, it shall not lose its status as Confidential Information through such use, and the party using said information shall take all steps necessary to protect its confidentiality through such use, including, but not limited to, requesting the Court to hear counsel with respect to such use *in camera*.

11. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular testimony, information or document is or is not (a) confidential or (b) privileged. The inadvertent production or disclosure of any information or documents protected by the attorney-client privilege, the attorney work product doctrine, a joint defense privilege or any other applicable privilege shall not constitute, or be considered as a factor suggesting a waiver or impairment of any claims of such privilege or protection. In the event of inadvertent production or disclosure, the producing party may provide written notice that privileged material has been inadvertently produced or disclosed. Within five (5) business days of receipt of such notice, any individual or entity that has received such privileged material shall return to the producing party all such privileged material and copies thereof in its possession, and shall make reasonable efforts to reclaim and return such privileged material.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information in this case shall be subject to the provisions of this order.

13. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

14. Any party designating any person as a Qualified Person shall have the duty to

reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order. Confidential Information shall not be disclosed to either (i) independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this case or (ii) persons or entities noticed for depositions or designated as trial witnesses, and their counsel, unless such person has been shown a copy of this Protective Order and has first agreed in writing to be bound by the terms of this Protective Order by Acknowledgment attached hereto as Exhibit A.

15. If Confidential Information is disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the party who designated the information as Confidential Information pursuant to the terms of this Protective Order of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received the Confidential Information.

16. Any person in possession of Confidential Information who receives a public information request, subpoena, or other request from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, or bodies, boards, or associates) who is not a party to this action, seeking production or other disclosure of another party's Confidential Information, shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for the designating party, person or entity, enclosing a copy of the subpoena or other request. In no event shall production or other disclosures be made before the later of (a) ten (10) days following the date on which notice is given, or (b) the return date of the subpoena, unless otherwise required by applicable law or court order.

SIGNED this 17th day of November, 2010.

s/ *Cheryl R. Zwart*
UNITED STATES MAGISTRATE JUDGE