IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CITY OF LINCOLN, Nebraska, A municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | 4:10CV3030 |
| v. | ) ) | MEMORANDUM AND ORDER |
| WINDSTREAM NEBRASKA, Inc., | ) ) | |
| Defendant. | ) | |

A conference call was held with the parties to discuss the status of case progression of future scheduling. The parties now believe the trial of this case will take up to five days, rather than three days. The case will be set for five trial days beginning September 12, 2011.

The plaintiff requested leave to disclose an additional expert on an issue raised recently in the deposition of defendant's 30(b)(6) witness. The 30(b)(6) witness possesses technical knowledge of the industry, but he was not retained or specially employed as an expert for the defendant and, accordingly, the plaintiff had not previously received a Rule 26(a)(2)(B) report of the 30(b)(6) witness' opinions.[1]

The defendant objects to the disclosure of an additional expert, stating the plaintiff cannot show cause for failing to timely disclose its necessary experts. The defendant claims it will be prejudiced by plaintiff's late disclosure of an expert because the defendant has prepared this case consistent with the progression schedule; intended to file *Daubert* motions

---

[1] Based on the arguments raised, Windstream's 30(b)(6) witness provided not only factual testimony, but testimony based on his area of technical expertise. If either party intends to use testimony from an in-house expert/witness at trial, to the extent that testimony may be deemed expert testimony, the party must disclose the name of the witness, the subject matter of the testimony, and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

related to plaintiff's experts by the July 25, 2011 deadline, but cannot do so if the plaintiff is allowed to re-open expert disclosures; and may need to re-open this case for additional expert disclosures and discovery if the plaintiff is allowed to add a late-disclosed expert.

"When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). "When fashioning a remedy, the district court should consider . . . the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." Id.

As explained by the plaintiff, the defendant (testifying through its 30(b)(6) witness) has substantial technical expertise beyond that of the plaintiff, and the plaintiff realized it needed an additional expert only after deposing the 30(b)(6) witness. In explaining how it would be prejudiced by plaintiff's late disclosure, Windstream stated it intended to file, and was prepared to file, a *Daubert* motion to exclude the testimony of plaintiff's previously disclosed experts. Windstream stated its anticipated *Daubert* motion included an outline of the defects in plaintiff's disclosed expert testimony, some of which the plaintiff could readily correct if Windstream's *Daubert* motion was filed before the plaintiff's additional expert is disclosed.[2]

The defendant's own 30(b)(6) witness raised the issue the plaintiff now wishes to refute through expert testimony. The defendant cannot claim surprise by the introduction of a new area of testimony in this case, and based on its own expertise, can address the issue. Windstream's arguments reveal that at least to some degree, the technical areas the plaintiff

---

[2] A concern the court will alleviate by extending the *Daubert* motion deadline.

now seeks to explore through expert testimony are of pivotal importance in obtaining reliable expert assistance for the jury and a just resolution of this case. While the court acknowledges that plaintiff's late expert disclosure may demand urgency in final case preparation, the parties' summary judgment motions are still pending, the trial of this case is still more than seven weeks away, and an expedited schedule for further progression of expert witness issues will alleviate the potential of trial disruption.

After considering the factors outlined in Wegener,

IT IS ORDERED:

1) The plaintiff's oral motion to retain and disclose an additional expert out-of-time, (filing no. 104), is granted. The plaintiff's Rule 26 (a)(2)(B) disclosure for its additional expert shall be served **by email or facsimile** on or before August 1, 2011, and this additional expert shall be available to be deposed by Windstream during the week of August 1, 2011.

2) The *Daubert* motion deadline is extended to August 8, 2011, with responses due on or before August 18, 2011, and any reply, if any, filed on or before August 24, 2011.

3) If any modification of this schedule is needed, the parties shall immediately contact my office ((402) 437-1670 or zwart@ned.uscourts.gov) to schedule a conference call.

4) The trial of this case is extended to five trial days.

July 21, 2011   BY THE COURT:

   *s/ Cheryl R. Zwart*
   United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.